```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHELSEA SCHMOTZER,<br><br>              Plaintiff,<br><br>     v.<br><br>RUTGERS UNIVERSITY-CAMDEN,<br>JEFFREY L. DEAN, individually<br>and in his capacity as<br>Athletic Direct, Rutgers<br>Camden, and MATTHEW DEVER,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>No. 15-6904(JBS/DEA)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

   This dispute comes before the Court by way of the motion of Defendant Matthew Dever (hereinafter, "Dever") for summary judgment. [Docket Item 26.] For the reasons that follow, the motion will be granted. The Court finds as follows:

   1.   In this action, Plaintiff Chelsea Schmotzer (hereinafter "Plaintiff"), a former member of the Rutgers University-Camden's women's volleyball team, alleges that she was coerced into a sexual relationship with Dever, who was her volleyball coach, and that the University acted with deliberate indifference to her claims of sexual assault and harassment. Plaintiff contends that she repressed memories of her sexual relationship with Dever between 2011 and 2014, and that she only

realized the extent of the sexual assault and harassment after a traumatic event triggered her memory.

    2.   On June 21, 2017, the Court granted summary judgment in favor of Defendants Rutgers University-Camden and Jeffrey L. Dean after finding that the undisputed facts showed that Plaintiff's claim was barred by the statute of limitations. [Docket Items 24 & 25.] Dever failed to properly join his co-defendants' motion for summary judgment, and instead belatedly filed a "me-too" letter stating simply that "[t]he motion for summary judgment filed by Rutgers-Camden accurately sets forth the facts and law, and applies equally to Dever." [Docket Item 17.] Plaintiff objected to Dever's "me-too" letter as untimely, prejudicial, and procedurally-deficient. [Docket Item 20.] The Court sustained Plaintiff's objection to Dever's attempted joinder without prejudice to Dever's opportunity to file a proper Rule 56 motion within 21 days of the Court's Order. [Id. at 3 n.1.] As the Court explained:

> At a minimum, to be docketed as a motion, the 'me-too' motion should be submitted in the form of a motion, filed on the docket, and contain a statement of the relief sought and a statement that no brief is necessary and that no separate L. Civ. R. 56.1 statement is necessary because the party joins in those submissions filed by other counsel.

[Id.]

    3.   Dever timely filed the motion for summary judgment now pending before the Court. [Docket Item 26.] In his motion, Dever

2

satisfied the minimum requirements set forth in the Court's June 21, 2017 Opinion: he filed the motion within 21 days; he properly filed his motion as a "motion" on the docket; he included a brief statement of relief sought; and the motion included a statement that a brief and L. Civ. R. 56.1 statement were unnecessary because Dever was relying on and incorporating the previous pleadings and submissions of his co-defendant, Rutgers University-Camden. [Id.]

4.  Plaintiff timely filed opposition to Dever's motion for summary judgment. [Docket Item 27.] In her opposition, Plaintiff argues that, because "Defendant Dever literally reiterates his 'Me Too Letter' but pastes it under a caption . . . [he] still fails to comply with proper motion requirements." [Id. at 1.] Plaintiff also incorporates and reiterates the arguments previously raised in response to the motion for summary judgment filed by Defendants Rutgers University-Camden and Jeffrey Dean: principally, that this case should be not be dismissed on the basis of statute of limitations because Plaintiff repressed the sexual assaults by Devers until the triggering event in April/May 2014. [Id. at 2.]

5.  First, the Court finds that Plaintiff's motion for summary judgment is timely and procedurally sufficient. As described supra, Dever satisfied the minimum requirements for a summary judgment motion that incorporates the arguments

3

previously raised by his co-defendants, including their statement of material facts not in dispute, as required by L. Civ. R. 56.1(a). Thus, the Court deems Dever's motion properly filed.

6. The Court next considers if there is a genuine dispute of material fact whether the statute of limitations bars Plaintiff's claims against Dever. It is undisputed that Plaintiff's claims under Title IX, Section 1983, and Monell are subject to a two-year statute of limitations. Generally, a cause of action accrues, and the limitations period begins to run, "when the plaintiff knew or should have known of the injury upon which the action is based." Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014) (citing Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009)).

7. Dever argues[1] that Plaintiff's cause of action accrued when he allegedly coerced Plaintiff into a sexual relationship (at the latest, in September 2010), that Plaintiff was aware of her injury at least through the time she contacted Dever's wife in October 2011, and that the Complaint was not filed until September 2015. [Docket Item 24 at 18.] Plaintiff, on the other

---

[1] As noted supra, Dever indicates in the pending motion that he is relying on and fully incorporating the previous pleadings and submissions of his co-defendant Rutgers University-Camden. Thus, the Court treats arguments previously raised by Defendant Rutgers University-Camden as also made by Dever.

4

hand, claims[2] she is entitled to the benefit of New Jersey's discovery rule on the grounds that she repressed memories of the sexual harassment until 2014, and that her September 2015 Complaint was timely filed less than two years after she "awoke" to her memories of abuse. [Id.]

8. The Court incorporates the facts and discussion of law set forth in its Opinion of June 21, 2017, as if restated herein. [Docket Item 24.]

9. It is undisputed that Plaintiff and Dever ended their sexual relationship in August or September 2010 and that Plaintiff was still aware of her alleged injury and expressing her grievance when she contacted Dever's wife 13 months later. [Id. at 19.] After careful re-examination of the record and relevant case law, the Court again concludes that the statute of limitations expired in September 2012 (two years after the last sexual encounter) and that New Jersey's discovery rule does not call for equitable relief in this instance. It is well-established that:

> The purpose [of the discovery rule] is to ensure that a party is not barred from pursuing an action before he or she has a reasonable basis for believing he or she actually

---

[2] Again, as noted supra, Plaintiff "reiterates" her earlier position that the case should not be dismissed on the basis of the statute of limitations. And Plaintiff has not raised any new factual allegations or arguments in her opposition to Dever's motion. Accordingly, the Court will assume for purposes of deciding this motion that Plaintiff fully incorporates any and all previously-raised arguments.

5

>as a claim. <u>Once the party has a reasonable basis for believing he or she has a claim, the justification for the discovery rule ceases</u>. There is no equitable reason to toll the statute of limitations for a party who reasonably should know that a claim exists.

<u>Prudential Ins. Co. of Amer. v. U.S. Gypsum Co.</u>, 828 F. Supp. 287, 298 (D.N.J. 1993) (emphasis added). Here, it is undisputed that Plaintiff had a reasonable basis for believing she had a claim against Dever when the relationship ended in August or September 2010. She was aware of the wrong that had been inflicted and the person or persons responsible for it.

    10.  Even assuming for the sake of argument that the statute of limitations period could be tolled from October 2011 (when Plaintiff confronted Mrs. Dever) until May 2014 (when Plaintiff allegedly regained her memory), and even assuming that admissible expert testimony could establish that Plaintiff's memories were completely repressed beginning on the day she confronted Mrs. Dever and ending on the day of regained memory, it is undisputed that at least 16 <u>more</u> months elapsed between when Plaintiff "awoke" (May 2014) and when she filed the Complaint (September 2015). Thus, taking into account the 13 months between the sexual relationship ending and when Plaintiff contacted Mrs. Dever to complain about Matthew Dever's misconduct, there were at least 29 months (<u>i.e.</u>, more than two years) where Plaintiff's memory was unimpaired elapsed between Plaintiff's injury and the filing of the Complaint. Plaintiff's

6

claims are thus time-barred by the two-year statute of limitations.

    11.  For the foregoing reasons and for the reasons stated in this Court's June 21, 2017 Opinion, Plaintiff's claims against Matthew Dever are time-barred and the Court will grant Dever's motion for summary judgment. An accompanying Order shall be entered.


**January 24, 2018**                        **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                               U.S. District Judge